## Kohlhepp v. Kohlhepp's Exor.

(Decided May 18, 1911.)

### Appeal from Simpson Circuit Court.

Wills—Condition Imposed by—Performance by Devisee—The testator provided in his will that "At the expiration of five years from the recording of this will, if my son shall have been sober, discreet and moral in habit for the last two preceding years of said five years, then and in that event he thus behaving shall have the right to take possession and control of his bequest herein, but not otherwise." As the evidence showed that the son had been sober, discreet and moral in habit during the period mentioned in the will, he was entitled to take possession of the devised estate.

ROARK & FINN for appellant.

C. W. MILLIKEN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

George Kohlhepp died testate in 1897, leaving two sons to whom he gave his estate. In the third clause of his will he gave to his executor in trust for the use and benefit of his sons, Vance Porter and John A. Kohlhepp, certain real estate described in the will; and in the sixth clause provided that:

"In the event of the death of either of my said sons, without lawful heirs of his body, the survivor and his lawful heirs shall inherit all of my estate, to be held and used only as above provided and not otherwise."

And in the seventh clause, that:

"At the expiration of five years from the recording of this will, if my son, Vance Porter Kohlhepp shall have been sober, discreet and moral in habit for the last two preceding years of said five years, then and in that event he thus behaving shall have the right to take possession and control of his bequest herein, but not otherwise."

In October, 1910, the appellant, Vance Porter, filed this petition against the executor and trustee, and John A. Kohlhepp, asking for a construction of the will—averring that the words in the sixth clause providing that in the event of the death of one of his sons without lawful heirs the survivor should inherit the deceased's son's share of his estate, should be construed to mean if

either of them died without lawful heirs during the life of George Kohlhepp and set up that the seventh clause of the will providing that the share of Vance Porter Kohlhepp should be given to him provided he remained sober, discreet and moral for five years, was void because it failed to provide any one whose duty it is to judge as to whether he has been sober and moral the said length of time; and it is further null and void for the reason that said words are too vague and uncertain for the court itself to pass thereon. He also alleged that for the last two years of said five years he was sober, discreet and moral. That in July, 1907, he quit drinking intoxicating liquors entirely, and from July, 1907, to the institution of this action had not drank any spirituous, vinous or malt liquors, and had been moral, discreet and continually at work.

The trustee and executor in his answer expressed a willingness to surrender the estate to Vance Porter Kohlhepp if he could lawfully do so.

The depositions of several witnesses were taken to show the sobriety, morality and industrious habits of Vance Porter Kohlhepp. But, upon hearing the case the court dismissed the petition, and hence this appeal.

Without discussing the validity of clause seven, we think the evidence fairly shows that Kohlhepp was "sober, discreet and moral in habits" for the last two years of the five years referred to, and hence was entitled to take possession of the estate devised to him. The contingency mentioned in clause six, under all the authorities, must be construed to refer to the death of Kohlhepp before the testator or before he became entitled to the possession of the devised estate, and it is not necessary to determine which.

Wherefore, the judgment is reversed, with directions for proceedings in conformity with this opinion.